**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br><br>　　　Andrew Consiglio,<br><br>　　　　　　　　*Debtor* | Case No.: 25-30966 (AMN)<br>Chapter 13 |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon f.k.a. The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2007-19, Mortgage Pass-Through Certificates, Series 2007-19,<br>　　　　　　　　*Movant*<br><br>v<br><br>Andrew Consiglio,<br>　　　　　　　　*Respondent* | <br><br><br><br><br><br><br><br><br><br><br>Re: ECF Nos. 37, 43 |

**AMENDED MEMORANDUM OF DECISION AND ORDER DENYING *IN REM*
RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4) AND ORDER TO SHOW
CAUSE REGARDING WHETHER CASE DISMISSAL SHOULD BE WITH PREJUDICE**

In April 2008, the Bank of New York commenced a foreclosure action against Andrew Consiglio, Jr. (the "Debtor") regarding real property located at 81 High Clear Drive Stamford, Connecticut (the "Property"). Connecticut Superior Court Case No. FST-CV08-5006978-S (the "Foreclosure Case"). Since the commencement of the Foreclosure Case, the Debtor and his co-obligor, Heather J. Lindsay, filed at least 15 bankruptcy petitions, summarized in the following table.

| Case No. | Debtor | Petition Date | Law Date | Dismissal Date | Basis for Dismissal |
|---|---|---|---|---|---|
| 08-32036 | Consiglio | 6/24/08 | | 2/23/09 | Trustee motion to dismiss |
| 09-50088 | Lindsay | 1/21/09 | | 9/15/09 | Failure to comply with 11 U.S.C. § 521 |
| 09-51576 | Consiglio | 8/11/09 | | 9/28/09 | Failure to comply with 11 U.S.C. § 521 |
| 16-51287 | Consiglio | 9/14/16 | | 11/10/16 | Failure to comply with 11 U.S.C. §§ 301(a), 521 |
| 18-50647 | Both | 5/22/18 | | 6/22/18 | Failure to file a Plan |
| 18-51236 | Both | 9/24/18 | 9/25/18 | 12/21/18 | Failure to comply with Fed.R.Bankr.P. 1007 |
| 18-51310 | Lindsay | 10/9/18 | | 11/26/18 | D.Conn.L.Bankr.R. 1017 prohibits a debtor from maintaining more than one contemporaneous bankruptcy petition. *See* Case No. 18-51236 |
| 19-50817 | Consiglio | 6/17/19 | | 7/2/19 | Failure to comply with Fed.R.Bankr.P. 1007 |
| 19-51465 | Consiglio | 11/5/19 | 11/5/19 | 1/7/20 | Failure to comply with Fed.R.Bankr.P. 1007 & 11 U.S.C. § 521 and, for abuse of the bankruptcy system, a two-year bar to re-filing was imposed. |
| 20-10339-cgm[1] /21-50476 | Lindsay | 2/4/20 | | 9/23/21 | Bad faith. Dismissed with prejudice |
| 22-30465 | Consiglio | 8/1/22 | 8/2/22 | 8/2/22 | Failure to comply with 28 U.S.C. § 1408, failure to provide an address establishing venue. |
| 22-30466 | Consiglio | 8/2/22 | 8/2/22 | 7/6/23 | Failure to comply with 11 U.S.C. § 521, failure to make Plan payments, failure to propose a confirmable Plan. |
| 23-10422-cgm[1] | Lindsay | 3/21/23 | | 3/28/23 | Unknown |
| 24-10362-pb[1] | Lindsay | 3/6/24 | | 9/23/24 | Unknown |
| 25-30966 | Consiglio | 10/15/25 | | - | *Pending* |

[1] This case was filed in the Southern District of New York.

Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon f.k.a. The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2007-19, Mortgage Pass-Through Certificates, Series 2007-19 (the "Movant") now seeks *in rem* relief from the automatic stay, pursuant to 11 U.S.C. § 362 (d)(4).[2] ECF No. 37 (the "Motion"). Although the Debtor subsequently filed a Notice of Voluntary Dismissal (ECF No. 43) the Court retained jurisdiction over this case to rule upon the Motion and determine if dismissal should be with prejudice. This is because it is apparent from the record the Debtor is not proceeding in good faith and is engaged in a scheme to hinder or delay creditors, involving multiple bankruptcy filings affecting the Property. However, because the Movant did not allege or establish the Property is property of the Debtor's bankruptcy estate, relief pursuant to Bankruptcy Code § 362(d)(4) will be denied and, instead, a deadline will be set for the Debtor to explain why the Court should not dismiss this case with prejudice to refiling a bankruptcy petition for a period of three years.

## Applicable Law

A bankruptcy court is permitted to take judicial notice of public filings on its own docket, as well as those filed in other cases. Fed. R. Evid. 201; *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. App'x 46, 48 (2d Cir. 2005); *Mei Guo v. Despins (In re Kwok)*, No. 3:24-CV-724 (KAD), 2025 U.S. Dist. LEXIS 10092, 2025 WL 252855, at *22 (D. Conn. Jan. 21, 2025).

Bankruptcy Code § 362(d)(4) authorizes a bankruptcy court to grant *in rem* relief, preventing the imposition of a stay in future bankruptcy filings by this Debtor or any other

---

[2] Title 11 of the United States Code is the "Bankruptcy Code."

future owner of the affected property when, among other things, "a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors."  11 U.S.C. § 362(d)(4).  Bankruptcy courts may infer an intent to hinder, delay, and defraud creditors based upon the timing and sequencing of a debtor's multiple filings.  *Porzio v. JPMorgan Chase Bank, NA (In re Porzio)*, 622 B.R. 134, 137 (D. Conn. 2020).  However, Bankruptcy Code § 362(d)(4) only applies when the property at issue is property of the bankruptcy estate.  Where a debtor does not own the property at issue, the property "securing the movants' notes and mortgages is not property of the estate." *In re Feldman*, 309 B.R. 422, 428 (Bankr. E.D.N.Y. 2004).  In such cases the "court has no *in rem* jurisdiction over the Property." *Feldman*, 309 B.R. at 428.

A debtor has a nearly absolute right to dismiss a Chapter 13 bankruptcy case. *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616, 619 (2d Cir. 1999); *In re: Bolling*, 609 B.R. 454, 455 (Bankr. D. Conn. 2019).  However, there is a critical distinction between an absolute right to dismissal and an absolute right to dismissal without consequence.  An injunction against the re-filing of a subsequent petition or without scrutiny by the court as to a debtor's motives may be an appropriate consequence for a pattern of abusive filings.

Bankruptcy Code § 1307(c)(1) provides that a bankruptcy court may dismiss a case for cause, including unreasonable delay by the debtor that is prejudicial to creditors or when a debtor fails to timely file a Plan.  11 U.S.C. §1307(c)(1), (3).  Failure to file a Chapter 13 Plan combined with failure to file other required financial documents constitutes unreasonable delay by a debtor and is cause for dismissal under § 1307(c)(1). *In re Burgos*, 476 B.R. 107, 111 (Bankr. S.D.N.Y. 2012).  A debtor's failure to commence making Chapter 13 Plan payments to a Chapter 13 Trustee is also cause to dismiss a

Chapter 13 case.  11 U.S.C. §§ 1326(a)(1), 1307(c)(4).  "When a debtor has not complied with a number of his obligations imposed by the Bankruptcy Code, relief under § 1307(c) is appropriate." *Tenore v. Frost (In re Tenore)*, No. 24-CV-9729 (CS), 2025 U.S. Dist. LEXIS 116958, 2025 WL 1693503, at *9 (S.D.N.Y. June 16, 2025); *Wenegieme v. Macco*, 580 B.R. 17, 21-22 (E.D.N.Y. 2018).

While courts generally dismiss a case without imposing an injunction against the re-filing of another bankruptcy case, Bankruptcy Code § 349(a) expressly grants a court authority to dismiss a case with prejudice when a debtor is acting in bad faith.  *In re Casse*, 198 F.3d 327, 341-42 (2d Cir. 1999); *In re Zahoruiko*, 666 B.R. 856, 865 (Bankr. D. Conn. 2024).  A bankruptcy court looks to the totality of the circumstances when determining if "cause" exists to dismiss a case with prejudice.  *In re Zahoruiko*, 666 B.R. 856, 866 (Bankr. D. Conn. 2024); s*ee also, In re Ducena*, 676 B.R. 77, 85 (Bankr. S.D.N.Y. 2026).  The length of the prejudice period is committed to the bankruptcy court's discretion and depends on the severity and pattern of the debtor's misconduct.  *In re Casse*, 198 F.3d at 338; *see also, In re Van Damme*, 2025 Bankr. LEXIS 660, 2025 WL 825282, (Bankr. D. Nev. Mar. 13, 2025); *Kulick v. Leisure Vill. Ass'n (In re Kulick)*, 2022 Bankr. LEXIS 3622, 2022 WL 17848939 (B.A.P. 9th Cir. Dec. 16, 2022); *In re Parson*, 632 B.R. 613, 631 (Bankr. N.D. Tex. 2021); *In re Jordan*, 598 B.R. 396, 408 (Bankr. E.D. La. 2019); *In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007).

### Discussion

1.    *In Rem* Relief, Pursuant to 11 U.S.C. § 362(d)(4)

The Debtor's repeated refusal to meaningfully participate in this case, or seemingly any prior bankruptcy case he has filed, underscores his disregard for the duties the Bankruptcy Code imposes on a debtor, and supports the conclusion that this case, along

with the 14 prior cases affecting the Foreclosure Case, are part of a scheme to delay, hinder, or defraud creditors involving the filing of multiple bankruptcy petitions within the meaning of 11 U.S.C. § 362(d)(4).

However, *in rem* relief pursuant to Bankruptcy Code § 362(d)(4) is only applicable if the Property is property of the Debtor's bankruptcy estate.  Here, neither the Movant nor the Debtor assert the Debtor owns the Property.  In fact, if anything, the record in this case leans towards a conclusion that the Debtor is *not* the owner of the property.  Notably, the Debtor asserts in his Notice of Dismissal (ECF No. 43) that Ms. Lindsay is the "true owner" of the Property and Exhibit D to the Motion only lists Ms. Lindsay as the owner of the Property.  Accordingly, where the record does not clearly establish the Property is part of this Debtor's bankruptcy estate, *in rem* relief is not available.

To the extent the Movant requests *in rem* relief pursuant to 11 U.S.C. § 105(a), the court cannot afford relief under Section 105(a) alone.  *Law v. Siegel*, 571 U.S. 415, 421 (2014); *In re Yeboah*, Nos. 25-21024 (JJT), 11, 2025 Bankr. LEXIS 2946, 2025 WL 4090551, at *3-4 (Bankr. D. Conn. Nov. 12, 2025); 2 Collier on Bankruptcy ¶ 105.01[2].  The Movant has not provided any authority which sufficiently overcomes the Supreme Court's admonitions on the use of § 105(a) under these circumstances.

2. The Debtor's Lack of Good Faith

Although *in rem* relief is not available at this time, the record clearly supports the conclusion the Debtor is not acting in good faith.  In addition to the fact that this is the 15th bankruptcy affecting the Foreclosure Case, the Court notes the timing of many prior cases aligns with a scheduled law date or otherwise prevented the re-scheduling of a law date in the Foreclosure Case.  Further, this Court and others dismissed virtually every prior case because the Debtor refused to perform the basic obligations of a bankruptcy debtor,

such as providing information to the Trustee, attending 341 Meetings, or filing essential papers such as schedules, Chapter 13 Plans, or even a signed petition in one case. Case No. 16-51287, ECF No. 49

For nearly two decades this Debtor and his co-obligor filed bankruptcy petitions while making nearly no effort to follow through in any case, other than to the extent such effort appears to have created further delay for creditors. This case is no different and appears to be merely another part of an evidentiary tapestry illustrating the Debtor is taking advantage of the bankruptcy system's benefits and protections without fulfilling his corresponding obligations. This is strong evidence of the objective futility of any petition filed by this Debtor and supports the conclusion that the Debtor is subjectively acting in bad faith. *E.g., In re Chapter 13*, 219 B.R. 946, 950 (B.A.P. 2d Cir. Apr. 8, 1998); *In re Moon*, 730 F. Supp. 3d 1020, 1022 (N.D. Cal. 2024); *In re O'Farrill*, 569 B.R. 586, 592 (Bankr. S.D.N.Y. 2017); *In re Valid Value Props., LLC*, 2017 Bankr. LEXIS 27 (Bankr. S.D.N.Y. Jan. 5, 2017); *Witkowski v. Boyajian*, 523 B.R. 300, 307 (B.A.P. 1st Cir. 2014).

3.  Dismissal for Cause, Pursuant to 11 U.S.C. § 1307(c)

Bankruptcy Code § 1307(c) provides 11 enumerated—though not exclusive—grounds upon which a court may rely to support a finding of "cause" to dismiss a Chapter 13 case. Four are directly applicable here.

First, the Debtor failed to file, among other things, schedules, a summary of assets, a list of creditors, a statement of his financial affairs, a Chapter 13 Plan of Reorganization, and failed to attend every 11 U.S.C. § 341(a) meeting of creditors (the "341 Meeting") scheduled in this case. ECF Nos. 4, 24, 36, 41, 48, 49, 50, 51.

"The chief function of the meeting of creditors is to provide the machinery for creditors to ... examine the debtor and be heard generally in an advisory capacity on

questions concerning the administration of the estate." 3 Collier on Bankruptcy ¶ 341.01 (16th ed. 2024). Further, the 341 Meeting enables creditors to make a determination as to whether there are grounds for objection to discharge or dischargeability of debts, and the scope of examination is broad so all parties in interest, including the Chapter 13 Trustee, can understand the nature of the debtor's financial affairs.

Courts consistently rule that failing to attend a duly noticed and scheduled 341 Meeting is cause for dismissal. *See generally In re Oliver*, No. BAP CC-11-1482, 2012 Bankr. LEXIS 5003, 2012 WL 5232201, at n.7 (B.A.P. 9th Cir. Oct. 23, 2012); *In re: Wang Shuang*, 2024 2024 Bankr. LEXIS 2687, WL 4668429 (Bankr. S.D.N.Y. Nov. 4, 2024); *In re Brown*, Docket No. 19-65022-JWC, 2020 Bankr. LEXIS 399, 2020 WL 763252, at *3 (Bankr. N.D. Ga. Feb. 14, 2020); (each finding a debtor's failure to appear at 341 Meeting constituted grounds for dismissal). Where, as here, a debtor repeatedly fails to appear at scheduled 341 Meetings, the estate and its creditors are hindered, and the bankruptcy process is frustrated. This conduct constitutes an unduly prejudicial delay to creditors within the meaning of 11 U.S.C. § 1307(c)(1).

Second, dismissal is also appropriate pursuant to 11 U.S.C. § 1307(c)(2) because the Court approved the Debtor's motion to pay the filing fee for this Chapter 13 case in installments, but the Debtor failed or refused to pay more than one installment of $50. ECF No. 5.

Third, dismissal is appropriate pursuant to 11 U.S.C. § 1307(c)(3) because the Debtor did not file a Chapter 13 Plan in this case. Although the Debtor claimed to suffer from ill health which prevented his timely filing a Chapter 13 Plan, he has not provided any evidentiary support for these claims. ECF Nos. 13, 31. Despite this, the Court granted the Debtor's requests for additional time and endeavored to accommodate the

Debtor by scheduling hearings remotely via ZoomGov.  ECF Nos. 17, 20, 32.  However, even though the Debtor's requests for special accommodations were granted, he still did not file a Chapter 13 Plan or otherwise comply with any of his obligations as a Chapter 13 Debtor.

Finally, dismissal is also appropriate pursuant to 11 U.S.C. § 1037(c)(4) because the Debtor has not filed a Chapter 13 Plan pursuant to which payments would be made and the record does not indicate the Debtor has made any payments.

The record supports dismissal, even had the Debtor not requested it.  However, because the record strongly supports the conclusion that the Debtor is acting in bad faith, the Court must also consider if dismissal should be with prejudice.

3. Dismissal, With Prejudice, Pursuant to 11 U.S.C. §§ 105(a), 349(a)

The Court dismissed nearly every one of the prior cases affecting the Foreclosure Case because the Debtor and/or Ms. Lindsay refused to participate in the bankruptcy process in good faith.  This case is no different.  The record presently before the Court is one of the clearest examples of a "serial filer" abusing the bankruptcy system and a review of the totality of the circumstances establishes there is cause to consider imposing an injunction against future filings by the Debtor, pursuant to 11 U.S.C. §§ 105(a) and 349(a). Notably, the Court previously imposed a two-year injunction against this Debtor's filing petitions under Title 11.  Case No. 19-51465, ECF No. 26.[3]  However, the prior injunction appears to have had no remedial or preventative effect on the Debtor's continued pattern of abuse of the bankruptcy system, and so the Court now considers a three-year injunction.

---

[3] *See also*, Case No. 21-50476, ECF No. 158, regarding the same with respect to Ms. Lindsay

Accordingly, it is hereby

**ORDERED**: The Motion (ECF No. 37) is GRANTED IN PART, pursuant to 11 U.S.C. § 362(d)(1) only, and a separate order will enter for this relief; and, it is further

**ORDERED**: On or before May 29, 2026, the Debtor must file any response to this Memorandum of Decision and Order explaining why the court should not, upon dismissing this case, impose an injunction against the filing of a bankruptcy petition by the Debtor, under any chapter of the Bankruptcy Code, for a period of three-years; and, it is further

**ORDERED**: On June 3, 2026, at 11:00 a.m., the court will hold a hearing, via ZoomGov, to consider the dismissal of this case with a three-year injunction against re-filing.

Dated this 29th day of April, 2026, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut